UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| *IN RE* PETITION OF SOUTH SHORE LAKE ERIE ASSETS & OPERATIONS, LLC FOR LIMITATION OF LIABILITY AND/OR EXONERATION RE: 33' 1987 CHRIS-CRAFT AMEROSPORT MOTOR VESSEL, HULL ID# CCHEA144G687, A.K.A. M/V "THE THIRD LADY" | Case No. 1:21-cv-02343<br><br>OPINION & ORDER<br>[Resolving Doc. 25] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this Limitation Act case, the Court **GRANTS** Chagrin River Marine, LLC's motion to reopen the monition time period and set aside default judgment.

## I. Background

This case arises out of a fatal boat accident that occurred on Lake Erie in the summer of 2021.

Dr. Frank Opaskar's family and South Shore Marine were negotiating the sale of Opaskar's boat. Christopher Kedas worked as a South Shore Marine salesman. Dr. Opaskar, Christopher Kedas, and Kedas's minor son ("O.K.") died in the accident.

Dr. Opaskar's family owned a boat that the Opaskars discussed trading in for a new boat. As part of the boat trade-in, South Shore Marine scheduled the boat for inspection at its facility. The Opaskar and Kedas families dispute whether the boat ownership

Case No. 1:21-cv-02343
GWIN, J.

transferred before the accident, or whether the boat ownership transfer was subject to the inspection and further negotiation.[1]

## II. South Shore Marine's Limitation Act Petition

South Shore Marine filed a Limitation Act petition seeking exoneration from or limitation of liability for injuries caused by the boat accident.[2] This Court accepted South Shore Marine's *Ad Interim* Stipulation for Value of $20,000, granted a stay of all lawsuits related to the accident other than the Rule D Action, and ordered South Shore Marine to provide notice of its petition.[3] The Court established a February 21. 2022, deadline for filing claims.[4]

Although South Shore Marine published notice in the *Cleveland Plain Dealer*, Chagrin River received no direct notice of the monition period.[5]

On March 21, 2022, South Shore Marine filed a default judgment application against absent parties and the clerk entered the default.[6]

Chagrin River now moves this Court to reopen the monition period and set aside default judgment. South Shore Marine opposes.

## III. Discussion

Both Federal Civil Procedure Supplemental Rule F (which governs Limitation Act petitions) and Sixth Circuit precedent supply authority for allowing late claims.

---

[1] In a separate, earlier-filed action ("the Rule D Action"), Gail Opaskar—the wife of the late Dr. Frank Opaskar—and the South Shore Marine boat dealership are litigating the ownership issue. *Opaskar v. 33' 1987 Chris-Craft Amerosport Motor Vessel et al.,* No. 21-cv-01710 (N.D. Ohio).

[2] Complaint, *South Shore Lake Erie Assets & Operations, LLC v. 33' 1987 Chris-Craft Amerosport Motor Vessel*, No. 21-cv-02343 (N.D. Ohio Dec. 15, 2021), ECF. No. 1 [hereinafter "South Shore Marine Complaint"].

[3] Order, *South Shore Lake Erie Assets & Operations, LLC v. 33' 1987 Chris-Craft Amerosport Motor Vessel*, No. 21-cv-02343 (N.D. Ohio Jan. 12, 2022), ECF No. 9.

[4] Doc. 4-3.

[5] Doc. 25-1 at 4.

[6] Doc. 23.

Case No. 1:21-cv-02343
GWIN, J.

Rule F only requires the petitioner to mail notice to "every person known to have made any claim," but also says that: "For cause shown, the court may enlarge the time within which claims may be filed."

And in *Jappinen v. Canada S.S. Lines, Ltd.*,[7] the Sixth Circuit permitted a late claim where a claimant "had no knowledge of the order of limitation."[8] Relying on a treatise, that Court explained: "So long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims, upon an affidavit reciting the reason for the failure to file within the time limited."[9]

Here, Chagrin River meets that low bar.

First, this case remains at a pre-merits stage. The Court recently denied motions to dismiss and will soon consider whether a stay pending the outcome of the Rule D action is necessary.[10] Four entities have filed claims against South Shore Marine; the Court finds that one additional claim will not result in prejudice or delay of any kind.

Second, Chagrin River's lack of direct notice, despite being named as an interested party in a July 9, 2021, letter South Shore Marine received, justifies allowing the filing of a late Rule F claim.[11]

Third, the Court rejects South Shore Marine's argument that Chagrin River forfeited its right to file a claim in this case by failing to sue South Shore Marine in state court.

---

[7] 417 F.2d 189 (6th Cir. 1969).
[8] *Id.* at 190; *see also Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001) ("[T]he 'cause' required in this [admiralty] context is minimal; an explanation rather than a justification for the delay will suffice.").
[9] *Id.*
[10] Doc. 24.
[11] Doc. 28-1. The Court notes that Chagrin River Marine acknowledges that it mistakenly alleged that South Shore Marine was a co-defendant in parallel state litigation. Doc. 28 at 2.

- 3 -

Case No. 1:21-cv-02343
GWIN, J.

There is no authority supporting this argument and the Court sees no reason to make one claim contingent upon the other.

### IV. Conclusion

The Court **GRANTS** Chagrin River's motion to reopen the monition period and set aside the default judgment. Claims may be filed until June 21, 2022.

IT IS SO ORDERED.

Dated: May 24, 2022               *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE