UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| *IN RE* PETITION OF SOUTH SHORE LAKE ERIE ASSETS & OPERATIONS, LLC FOR LIMITATION OF LIABILITY AND/OR EXONERATION RE: 33′ 1987 CHRIS-CRAFT AMEROSPORT MOTOR VESSEL, HULL ID# CCHEA144G687, A.K.A. M/V "THE THIRD LADY" | CASE NO. 1:21-cv-02343<br>[Related Docs. 29 & 30] |
| *IN RE* COMPLAINT OF GAIL OPASKAR, INDIVIDUALLY, AND AS THE EXECUTRIX OF THE ESTATE OF DR. FRANK OPASKAR, DECEASED, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO. 1:21-cv-02396<br>[Related Docs. 26 & 27] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

With this Order and Opinion, the Court **STAYS** further proceedings in Cases Nos. 1:21-cv-02343 & 1:21-cv-02396.

## I. Background

These two Limitation Act petitions arise out of a fatal Lake Erie 2021 maritime incident. Two parties—Gail Opaskar and South Shore Marine—dispute boat ownership at the time of the accident. Those two parties are currently litigating ownership in an earlier-filed case ("the Rule D Action") pending before Judge Thomas Parker.[1]

---

[1] *Opaskar v. 33′ 1987 Chris-Craft Amerosport Motor Vessel et al.,* No. 21-cv-01710 (N.D. Ohio).

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

On April 18, 2022, the Court determined that it was permissible for Gail Opaskar and South Shore Marine to file their respective Limitation Act petitions in the alternative. In that order, the Court asked the parties to brief whether a stay of further proceedings in these two cases is necessary.

## II. Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[2]

The Court finds that a stay should be granted. After the Rule D Action determines ownership, one Limitation Act petition will be dismissed. Accordingly, it is in both the parties' and the Court's interest for the Rule D Action to be first resolved. While the Court recognizes the frustration of the many months-delay of the state tort cases, "[f]ederal courts have exclusive admiralty jurisdiction to determine whether a vessel owner is entitled to limited liability," and it has not been alleged that any of the exceptions to that rule apply here.[3]

## III. Conclusion

The Court **STAYS** further proceedings in the Limitation Act cases pending the outcome of the Rule D Action. The Court further **ORDERS** that the parties file notice of the outcome of the Rule D Action in Cases Nos. 1:21-cv-02343 & 1:21-cv-02396 within 48

---

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citations omitted).
[3] *In re Muer*, 146 F.3d 410, 417 (6th Cir. 1998).

Case Nos. 1:21-cv-02343 & 1:21-cv-02396
GWIN, J.

hours of the resolution.  The Court's earlier-issued injections on all cases related to the accident other than the Rule D Action remain in place.

    IT IS SO ORDERED.

Dated: August 3, 2022            *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE