UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| *IN RE* PETITION OF SOUTH SHORE LAKE ERIE ASSETS & OPERATIONS, LLC FOR LIMITATION OF LIABILITY AND/OR EXONERATION RE: 33′ 1987 CHRIS-CRAFT AMEROSPORT MOTOR VESSEL, HULL ID# CCHEA144G687. A.K.A. M/V "THE THIRD LADY" | : : : : : : : : | CASE NO. 1:21-cv-02343<br><br>ORDER<br>[Resolving Docs. 54, 57] |
| *IN RE* COMPLAINT OF GAIL OPASKAR, INDIVIDUALLY AND AS THE EXECUTRIX OF THE ESTATE OF DR. FRANK OPASKAR, DECEASED, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : : : : : | CASE NO. 1:21-cv-02396<br><br>ORDER<br>[Resolving Docs. 52, 56] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

These two cases arise from a tragic maritime accident. While these cases have been pending, the vessel at issue has apparently been stored at a marina that has not been paid for storage services. The parties have been unable to agree on who should pay for storage. So, one of the parties, Gail Opaskar, has moved for an order allocating storage costs.

In the Opaskar motion, Opaskar's counsel offered to pay the vessel's past and future storage costs.[1] Opaskar's counsel made this offer on the condition that the Court would later allocate costs between the parties. And, since the parties dispute vessel ownership, counsel asked that counsel's payment would not be used to establish vessel ownership.[2] Opaskar's counsel repeated this offer at status conferences before the Court.

---

[1] No. 1:21-cv-2343, Doc. 54 at 3.
[2] *Id.*

Case Nos. 1:21-cv-02343, 1:21-cv-02396
GWIN, J.

Although the parties did not accept Opaskar counsel's offer, the Court accepts counsel's suggestion. Opaskar's counsel shall pay the past fees for vessel storage and, moving forward, shall take on storage responsibility while these cases are pending. Later in these proceedings, Opaskar may move for further storage expense allocations between relevant parties.

The Court also finds that counsel's offer to bear interim storage cost is not relevant to the ownership dispute in these cases. The Court will not consider these interim storage costs when deciding ownership.

The Court **GRANTS** the motion to allocate storage costs as described above. Because the Court does not base its decision on Opaskar's reply, the Court **DENIES AS MOOT** the motions to strike Opaskar's reply.

IT IS SO ORDERED.

Dated: May 31, 2024              *s/    James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE