UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| *IN RE* PETITION OF SOUTH SHORE LAKE ERIE ASSETS & OPERATIONS, LLC FOR LIMITATION OF LIABILITY AND/OR EXONERATION RE: 33' 1987 CHRIS-CRAFT AMEROSPORT MOTOR VESSEL, HULL ID# CCHEA144G687. A.K.A. M/V "THE THIRD LADY" | CASE NO. 1:21-cv-02343<br><br>ORDER |
| *IN RE* COMPLAINT OF GAIL OPASKAR, INDIVIDUALLY AND AS THE EXECUTRIX OF THE ESTATE OF DR. FRANK OPASKAR, DECEASED, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO. 1:21-cv-02396<br><br>ORDER |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

South Shore Lake Erie Assets & Operations, LLC and Gail Opaskar filed these two actions under Admiralty Rule F. With their actions, both parties seek exoneration or liability limitation in connection with a maritime accident.

South Shore and Opaskar both say that they do not own the vessel at issue. Instead, each party argues that the other is the vessel owner.

The two parties originally filed summary judgment cross-motions regarding the ownership dispute. The two parties later agreed to submit the ownership dispute to the Court as a bench trial based on the summary judgment record.[1] However, the parties disagreed on whether the record was complete, whether the Court should hear some limited live

---
[1] No. 1:21-cv-2343, Docs. 63, 64; No. 1:21-cv-2396, Docs. 63, 64.

Case Nos. 1:21-cv-02343, 1:21-cv-02396
GWIN, J.

testimony, and whether the parties should have the chance to raise certain evidentiary objections.

On May 28, 2024, the Court held a status conference to resolve these remaining procedural disagreements. Based on the parties' submitted positions and further discussions at the status conference, the Court proceeds as follows:

- By **June 4, 2024**, the parties shall either publicly file all contractual documents related to the boat purchase and trade-in at issue in this case. If desired, they may instead file a motion to seal such documents. If the parties file a sealing motion, they shall file—either publicly or under seal as the Court may order—the requested documents within **two (2) days** after the Court's sealing motion order. The parties need not refile any documents already in filed in the record.

- Other than the documents requested above, the record submitted on summary judgment is the complete record for the ownership issue. There will be no live testimony.

- When reviewing the record and making its ownership decision, the Court will not consider deposition statements or other evidence that are inadmissible under the Rules of Evidence. The parties waive supplemental evidentiary objections on the ownership issue.

IT IS SO ORDERED.

Dated: May 31, 2024                     *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE